AO 241
(Rev. 01/15)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for
    Address
    City, State Zip Code

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of Texas |
|---|---|

| Name (under which you were convicted): <br> Randy Paul Meiburg | Docket or Case No.: <br> 4:17-cv-3356 |
|---|---|

| Place of Confinement : <br> West Texas Hospital Unit - 8602 Peach Street; Lubbock, TX 79404 | Prisoner No.: <br> 01918679 |
|---|---|

| Petitioner (include the name under which you were convicted) <br> Randy Paul Meiburg | v. | Respondent (authorized person having custody of petitioner) <br> Brian Collier, Director - TDCJ <br> PO Box 99 Huntsville, Texas 77342 |
|---|---|---|

| The Attorney General of the State of: |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    228th District Court Harris County, Texas

    1201 Franklin 16th Floor

    Houston, Texas 77002

    (b) Criminal docket or case number (if you know):   13290470

2.  (a) Date of the judgment of conviction (if you know):   02/27/2014

    (b) Date of sentencing:   02/27/2014

3.  Length of sentence:   99 years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Possession of child pornography

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty             ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury          ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes          ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes          ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:     1rst Court of Appeals Houston, Texas

(b) Docket or case number (if you know):     01-14-00197-CR

(c) Result:     Affirmed trial court

(d) Date of result (if you know):     08/27/15

(e) Citation to the case (if you know):     _____

(f) Grounds raised:     The trial court erred by overruling Mr. Meiburg's motion to suppress.

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?          ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court:     _____

(2) Docket or case number (if you know):     _____

(3) Result:     _____

(4) Date of result (if you know):     _____

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:   Texas Court of Criminal Appeals

(2) Docket or case number (if you know):   WR-85,517-01

(3) Date of filing (if you know):   3/31/2016

(4) Nature of the proceeding:   Writ of Habeas Corpus

(5) Grounds raised:   search and seizure was not supported by probable cause

Ineffective assistance of counsel - failure to convey plea offer

Ineffective assistance of counsel - failure to prepare/research probable cause issue

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   denied without written order on trial court findings without hearing

(8) Date of result (if you know):   10/05/16

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    Texas Court of Criminal Appeals Austin, Texas

(2) Docket or case number (if you know):    WR-85,517-01

(3) Date of filing (if you know):    10/2/2017

(4) Nature of the proceeding:    Suggestion to Reconsider on the Court's Own Motion

(5) Grounds raised:    1. Applicant was denied an evidentiary hearing which would have allowed for

a credibility assessment. This full and fair credibility assessment was not possible as the

judge hearing the writ did not preside over the trial.

2. Applicant's pro se writ was not liberally construed by the court.

3. Applicant was denied effective assistance of counsel by failure of trial counsel to

investigate and prepare for punishment. Trial counsel's failure to properly seek and present

evidence in mitigation at punishment was not reasonable trial strategy.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☑ No

(7) Result:    Denied by the Court of Criminal Appeals

(8) Date of result (if you know):    10/25/2017

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☑ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Ineffective assistance of counsel

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was deficient in his performance by failing to obtain additional video from the scene that would have

shown the applicant's interaction with the officer. This video would have shown that the search of the applicant's

pocket and phone was without probable cause. Failure to seek this video was not reasonable trial strategy.

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 7

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Writ of habeas corpus

Name and location of the court where the motion or petition was filed:    Texas Court of Criminal Appeals

Docket or case number (if you know):    WR-85,517-01

Date of the court's decision:    10/5/2016

Result (attach a copy of the court's opinion or order, if available):    No written order

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:     Suggestion to reconsider on the Court's Own Motion

**GROUND TWO:**          Ineffective Assistance of Counsel - Failure to Convey Plea Offer

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Applicant was not informed of a 10 year plea offer from the State prior to making his decision to go to trial.

Applicant was prejudiced by the lack of communication of the plea offer. Had he been properly informed of the

states offer, he would have accepted the offer rather than go to trial.

Further, client was misinformed regarding the consequences of going to trial and the possibility of civil

commitment following his sentence which further prejudiced his ability to make an informed decision.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Counsel on direct appeal chose to not

raise this issue on direct appeal, but allow this non record claim to be presented on post-conviction

habeas.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:    Texas Court of Criminal Appeals

Docket or case number (if you know):    WR-85,517-01

Date of the court's decision:    10/5/2017

Result (attach a copy of the court's opinion or order, if available): _no written opinion_ _____

_____

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?                          ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   _Suggestion for Reconsideration on the Court's_

_Own Motion_ _____

_____

_____

**GROUND THREE:**        Ineffective Assistance of Counsel Failure to Investigate/Prepare

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel failed to properly investigate and prepare the legal and factual issues of probable cause

connected to the right of the state to detain, search, and arrest the applicant. The state's characterization of the

search as incident to arrest was vulnerable to attack and trial counsel failed to properly investigate, prepare, or

properly attach this vulnerability prejudiced the applicant in this case.

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:   Texas Court of Criminal Appeals

Austin, Texas

Docket or case number (if you know):   WR-85,517-01

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):   no written opinion

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    Suggestion for Reconsideration on the Court's

Own Motion

_____

**GROUND FOUR:**    Ineffective Assistance of Counsel Failure to Investigate/Prepare for Punishment

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to investigate and prepare for punishment by failing to pursue or present evidence in mitigation

of the alleged offenses. This decision by trial counsel was not reasonable trial strategy.

Punishment evidence presented in this case was below the reasonable standard of professional conduct.

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

on po

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    Applicant, filing pro se, was unaware that

this was a viable claim.

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Suggestion for Reconsideration on the Court's Own Motion

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals

Docket or case number (if you know):

Date of the court's decision:   10/25/2016

Result (attach a copy of the court's opinion or order, if available):   no written opinion

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas Court of Criminal Appeals Austin, Texas

Docket or case number (if you know):   WR-85,517-01

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes        ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐   Yes        ☑  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.    _____

_____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐   Yes        ☑  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    _____

_____

_____

_____

_____

_____

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Alvin Nunnery - 1001 Texas Ave #1401 Houston, Texas 77002

(b) At arraignment and plea:   Scott Pope - Harris County Public Defender's Office
1201 Franklin 13th Floor Houston, Texas 77002

(c) At trial:   Scott Pope - Harris County Public Defender's Office
1201 Franklin 13th Floor Houston, Texas 77002

(d) At sentencing:   Scott Pope - Harris County Public Defender's Office
1201 Franklin 13th Floor Houston, Texas 77002

(e) On appeal:   Mark Bennett - 917 Franklin 4th floor Houston, Texas 77002

(f) In any post-conviction proceeding:   pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:   William Savoie - PO Box 66212
Houston, Texas 77622

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is not barred by 28 USC Section 2244(d) as the one year statute of limitations was tolled beginning October 2, 2017 when the applicant's Motion for Reconsideration on the Court's Own Motion was accepted by and pending before the Texas Court of Criminal Appeals.

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  vacate the judgement of the trial court and remand the applicant back to Harris County to face the indictment.

or any other relief to which petitioner may be entitled.

William Lausie

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on        11.3.2017        (month, date, year).

Executed (signed) on        11.3.07        (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Counsel for petitioner is signing for petitioner. Petitioner is currently in West Texas Hospital Unit, Amarillo, Texas for medical reasons.